UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HANNON,

    Plaintiff,                                           Case No. 1:11-cv-317

v                                                   HON. JANET T. NEFF

UNKNOWN WEDGE, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving the alleged violation of Plaintiff's Free Exercise rights under the First Amendment and procedural Due Process rights under the Fourteenth Amendment. Defendants filed a motion for summary judgment, arguing that Plaintiff's rights were not violated. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I**

      Plaintiff's objections reiterate the following arguments contained in his complaint: (1) that he was never in the "chow line" on August 20, 2010; (2) that his Ramadan meals were capriciously withheld from him by prison officials, violating his First Amendment Free Exercise rights; and (3)

that he was not given a chance to be heard, violating his Fourteenth Amendment procedural due process rights (Pl. Obj., Dkt 24 at 2-7).

### A. Summary Judgment

Contrary to Plaintiff's first argument, the Magistrate Judge properly applied the summary judgment standard in recommending this Court grant Defendants' motion. Summary judgment is appropriate when the non-moving party has failed to show sufficient evidence in support of an essential element of that party's claim or defense where the party will bear the burden of proof at trial (R &R, Dkt 22 at 4). *Daniels v. Woodside*, 396 F.3d 730, 735 (6th Cir. 2005). The allegation that a jury may believe the non-moving party and disbelieve the movant is insufficient to create a genuine issue of material fact (R &R, Dkt 22 at 4). *Fogerty v. MGM Group Holdings Corp.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Here, the only fact in dispute is whether Plaintiff ate in the regular meal hall on August 20, 2010. Plaintiff argues that the Magistrate Judge erred in accepting as true the statement in Defendant Wedge's affidavit that Wedge observed Plaintiff in the "chow line" on August 20, 2010 (Pl. Obj., Dkt 24 at 2; R & R, Dkt 22 at 7). However, because Plaintiff failed to offer proofs other than his unsupported contentions (1) that he did not eat in the "chow line" on August 20, 2010; and (2) that Defendants are lying when they state that he did eat in the regular meal hall, the Magistrate Judge properly recommended this Court grant Defendants' motion for summary judgment. Plaintiff's objection is denied.

### B. First Amendment

Second, Plaintiff reiterates that his removal from the Ramadan meal list violated his First Amendment Rights (Pl. Obj., Dk 24 at 2-3). Although Plaintiff does not make a specific objection to any finding of the Magistrate Judge, the Court nonetheless determines that the Magistrate Judge

properly applied the *Turner* factors to conclude that the denial of special Ramadan meals to Plaintiff did not violate his First Amendment rights (R & R, Dkt 22 at 6-10). *Turner* mandates that for a prison policy that impacts a prisoner's religious liberty to be constitutional, there must be a rational connection between the policy and a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Defendant Michael Martin's proffered justification of the policy of the Michigan Department of Corrections (MDOC) denying special Ramadan meals to prisoners who violate the fast[1] supports the Magistrate Judge's conclusion that the MDOC's policy furthers the government's legitimate penological interests (R & R, Dkt 22 at 9; Aff., Dkt 14, Ex. L at 2-3). Therefore, Plaintiff's First Amendment rights have not been violated. Plaintiff's objection is denied.

### C. Fourteenth Amendment

Last, Plaintiff reiterates his position that prison officials denied him due process of law in removing him from the Ramadan meal list (Pl. Obj., Dkt 24 at 3-5). The Due Process Clause is implicated when the state deprives a person of a constitutionally protected liberty or property interest. *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 551 U.S. 291 (2007). Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotations and citation omitted).

The Magistrate Judge correctly concluded that because Plaintiff has no constitutionally protected interest in the special Ramadan meal, Plaintiff's procedural due process rights were not violated (R & R, Dkt 22 at 12). Further, as the Magistrate Judge noted, even if Plaintiff was

---

[1] Ramadan is a month-long Muslim holiday during which adherents abstain from eating from sunrise to sunset.

deprived of a constitutionally protected interest, Plaintiff's argument that he was denied due process of law is without merit (R & R, Dkt 22 at 13). Procedural due process requires that an individual be given a right to be heard "at a meaningful time in a meaningful manner" (R & R, Dkt 22 at 12). *Mertik v. Blalock*, 983 F.2d 1353, 1364 (6th Cir. 1993) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Magistrate Judge correctly reasoned that Plaintiff's interview with prison officials, following his filing of a grievance, satisfied the requirements of procedural due process. Plaintiff's argument, therefore, is without merit, and his objection is denied.

## II

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 24) are DENIED and the Report and Recommendation (Dkt 22) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 12) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: January 11, 2012         /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge